UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Gene Vincent Hondl, | Civil Action No.: 5:18-cv-02686-RBH |
| Petitioner, | |
| v. | **ORDER** |
| State of North Dakota County of Stark, | |
| Respondent. | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends summarily dismissing this action without prejudice.[1] *See* ECF No. 12.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), and she reviewed Petitioner's pro se filings pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

### **Discussion**[2]

Petitioner, a federal prisoner proceeding pro se and in forma pauperis, commenced this action by filing a "Motion for Writ of Mandamus" against a North Dakota county asking the Court to order return of certain forfeited personal property. *See* ECF No. 1. The Magistrate Judge entered an R & R recommending summary dismissal because this Court lacks subject matter jurisdiction to issue the requested writ of mandamus. R & R at pp. 2–4. Separately, the Magistrate Judge issued an order granting Petitioner's motion for leave to proceed in forma pauperis and requiring him to pay the $350 filing fee in accordance with 28 U.S.C. §§ 1914 and 1915. *See* ECF No. 10.

Petitioner does not specifically object to the proposed findings and recommendations in the Magistrate Judge's R & R. The Court discerns no error in the R & R and will therefore adopt it. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199–200.

However, within the time for filing objections, Petitioner filed a letter asking if he can voluntarily withdraw this action to avoid the $350 filing fee that he has incurred. *See* ECF No. 15. Although prisoners such as Petitioner may commence a civil action without prepaying the filing fee and

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

thereby proceed in forma pauperis, *see* 28 U.S.C. § 1915(a)(1), the Prison Litigation Reform Act of 1995 ("PLRA") provides that "if a prisoner brings a civil action . . . in forma pauperis, ***the prisoner shall be required** to pay the full amount of a filing fee*." 28 U.S.C. § 1915(b)(1) (emphasis added); *see also Bruce v. Samuels*, 136 S. Ct. 627, 630 (2016) (explaining that in enacting the PLRA, "Congress required prisoners to pay filing fees for the suits or appeals they launch"); *see, e.g.*, *Fleming v. Reynolds*, No. 2:07-cv-01212-MBS, 2007 WL 2156622, at *1 (D.S.C. July 26, 2007) ("To the extent the request is properly before the court, the court is without authority to waive payment of the filing fee."). Thus, Petitioner still must pay the filing fee.[3]

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R [ECF No. 12] and **DISMISSES** this action *without prejudice*[4] *and without issuance and service of process*.[5]

**IT IS SO ORDERED.**


Florence, South Carolina  s/ R. Bryan Harwell
December 20, 2018  R. Bryan Harwell
United States District Judge

---

[3] "The provisions on fee payment [are] set forth in § 1915(b)." *Bruce*, 136 S. Ct. at 630. Additionally, the Court notes this action does ***not*** seek habeas corpus relief.

[4] *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." (alteration in original) (citation omitted)).

[5] In the Court's view, Petitioner cannot cure the defects in his "Motion for Writ of Mandamus" by mere amendment. *See generally Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). The Court therefore declines to automatically give him leave to amend.

3